**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexys Patricia Fernandez, | No. CV-25-02673-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tempe, et al., | |
| Defendants. | |

Pending before the Court is the Tempe Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). (Doc. 4.) The Tempe Defendants are the City of Tempe, the Tempe Police Department, and Tempe police officers Max Staab and Lara Camberg. The Motion is fully briefed. (Docs. 13, 19.) The Court will grant in part and deny in part the Motion.

**I.    BACKGROUND**

The following summary is taken from the allegations in the FAC. (Doc. 1-1 at 34-46.) The Court accepts the allegations in the FAC as true for the purposes of assessing the pending motion to dismiss. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

On May 15, 2024, Plaintiff Alexys Patricia Fernandez, then seventeen, was using the pool at Camden Tempe West Apartments, where her father lived. (Doc. 1-1 at 36 ¶¶ 15-16.) Earlier that morning, Defendant Shahid Muhammad toured the complex with his mother and exhibited erratic behavior, prompting Camden staff to contact the Tempe

police. (*Id.* at 38 ¶ 26.)

Later that day, Plaintiff alleges Muhammad climbed over the locked pool gate, threw his shoes in the water, and grabbed her towel before wandering the deck. (*Id.* at 36-37 ¶¶ 17-19.) A Camden employee asked him to leave, but he refused. (*Id.* at 37 ¶ 19.) Plaintiff saw Officers Staab and Camberg outside the pool fence behind a glass partition. (*Id.*)

Muhammad then jumped into the pool, climbed out, and again approached Plaintiff. (*Id.*) She alleges that neither Camden staff nor the officers intervened before Muhammad assaulted her by grabbing her torso, thrusting his hips against her, and attempting to remove her top. (*Id.* ¶¶ 20-21.) At that point, the officers entered the pool area, deployed a taser, and restrained Muhammad. (*Id.* ¶ 22.) Plaintiff was shocked by the taser and bitten on the hip during the struggle, leaving a permanent scar. (*Id.* at 37, 39 ¶¶ 22, 32.)

Plaintiff claims Defendants failed to protect her despite knowledge of Muhammad's erratic behavior, causing lasting physical and psychological injuries. (*Id.* at 38-39 ¶¶ 27-32.) She asserts federal claims under 42 U.S.C. § 1983 against the Tempe Defendants (alleging violations of the Fourth and Fourteenth Amendments), state law negligence and gross negligence claims against the Tempe Defendants, and premises liability and negligence claims against the Camden entities. (*Id.* at 39-44 ¶¶ 33-53.) Muhammad is also sued under state law for assault and related torts. (*Id.* at 44 ¶¶ 54-56.)

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation modified).

A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is more than a mere possibility; a plaintiff is required to provide "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

**III.    DISCUSSION**

    **A.    Claims Against the Tempe Police Department**

The Tempe Defendants assert that the Tempe Police Department ("TPD") "is a non-jural entity and should therefore be dismissed." (*Id.* at 2.) Plaintiff does not object. (Doc. 13 at 2 n.1.) The Court agrees that the TPD is a non-jural entity and sub-unit of the municipality where the City is already a party. *See Smith v. City of Tempe*, No. CV-25-02518-PHX-DWL, 2025 WL 2107656, at *1 (D. Ariz. July 28, 2025). Accordingly, the federal and state claims against the TPD are dismissed with prejudice.

    **B.    Claims Under § 1983**

Plaintiff asserts federal claims under § 1983 against the Tempe Defendants, alleging violations of the Fourth and Fourteenth Amendments and municipal liability against the City of Tempe. (Doc. 1-1 at 39-42 ¶¶ 33-37, 41-46.) The Tempe Defendants move to dismiss, arguing: (1) Plaintiff fails to allege an underlying constitutional violation against the officers; (2) qualified immunity applies; and (3) Plaintiff fails to state a plausible *Monell* theory against the City. (Doc. 4 at 2-3, 9-12.)

To state a § 1983 claim, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) a person acting under the color of state law committed the alleged violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

        **1.    Fourth Amendment**

The FAC fails to state a § 1983 Fourth Amendment claim. The Fourth Amendment protects against unreasonable searches and seizures, but the FAC alleges no facts showing that the officers searched, used force against, or detained Plaintiff. (Doc. 1-1 at 40-41 ¶¶ 36, 42.) Instead, Plaintiff offers only conclusory allegations, which are insufficient at the

pleading stage. *See Manlove v. Cnty. of San Diego*, 759 F. Supp. 3d 1057, 1063-65 (S.D. Cal. 2024) (dismissing Fourth Amendment claims where the complaint failed to identify which officer searched, seized, or arrested plaintiff and relied on conclusory allegations).

Regardless, Plaintiff failed to respond to the Tempe Defendants on this point. *See Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (finding claim "abandoned" where plaintiff requested injunctive relief in complaint but failed to address it in opposition to motion to dismiss). Because amendment would be futile absent a plausible seizure theory, the Fourth Amendment claim is dismissed with prejudice. *See* Fed. R. Civ. P. 15(a)(2).

### 2. Fourteenth Amendment

The FAC also fails to state a § 1983 claim for violating the Fourteenth Amendment against Officers Staab and Camberg. The Due Process Clause does not obligate state officials to protect individuals from violence. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989); *see also Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) ("[T]he Fourteenth Amendment's Due Process Clause generally does not confer any affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests.").

Exceptions to this rule are narrow. The "special relationship" exception arises when the state assumes custody over the plaintiff. *Patel*, 648 F.3d at 971-72. Plaintiff does not allege she was in custody; to the contrary, she was using her father's apartment complex amenities when the incident occurred. (Doc. 1-1 at 36 ¶¶ 15-16.) She also fails to refute this in her Response.

The "state-created danger" exception applies "when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger.'" *Patel*, 648 F.3d at 971-72 (quoting *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996)). To succeed on the state-created danger exception, a plaintiff must show "affirmative conduct on the part of the state [actor] placing the plaintiff in danger" and that the state actor behaved "with deliberate indifference to a known or obvious danger." *Id.*

at 974 (citation modified).

Here, the FAC alleges that the officers observed Muhammad's "erratic and irrational behavior" and delayed entering the pool area until after he assaulted Plaintiff. (Doc. 1-1 at 38-39 ¶¶ 28, 31.) But such allegations describe inaction, not affirmative conduct increasing danger. *See Johnson v. City of Seattle*, 474 F.3d 634, 641 (9th Cir. 2007). Nor does the FAC allege facts showing that the officers knew Plaintiff herself faced a particularized, imminent risk of sexual assault as opposed to a generalized risk from Muhammad's behavior. Finally, the repeated references to "deliberate indifference" (Doc. 1-1 at 41-42 ¶¶ 42, 45) are conclusory and do not substitute for factual allegations plausibly showing deliberate indifference. This claim is therefore dismissed without prejudice and with leave to amend.

### 3. Municipal Liability

Plaintiff brings a *Monell* claim against the City of Tempe, alleging that it maintained an unconstitutional policy or practice and failed to train its officers. (Doc. 1-1 at 40 ¶¶ 34-36.) In *Monell v. Department of Social Services*, the Supreme Court held that a municipality generally is not liable for a § 1983 violation under a theory of *respondeat superior* for the actions of its subordinates. 436 U.S. 658, 691 (1978). Instead, municipal liability arises only where a constitutional injury results from the municipality's own actions—such as the implementation of an official policy or custom, a deliberate omission amounting to official policy, or a decision ratified by an official with final policymaking authority. *Andrich v. Kostas*, 470 F. Supp. 3d 1048, 1063 (D. Ariz. 2020).

Because the Court has dismissed Plaintiff's Fourth and Fourteenth Amendment claims against the officers, she has not plausibly alleged any underlying constitutional violation to support municipal liability under *Monell*. This defect is fatal to her *Monell* theories. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.").

Regardless, the two relevant *Monell* theories here are: (1) a policy, practice, or custom that caused the violation, and (2) a failure to train or supervise amounting to deliberate indifference. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). To plead either, a plaintiff must allege facts beyond formulaic recitations. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). Here, the FAC does not.

First, the FAC fails to plausibly allege a *Monell* claim based on policy. To defeat the Tempe Defendants' Motion, Plaintiff's *Monell* violation regarding an official policy theory must (1) identify the challenged policy; (2) explain the policy's deficiency; (3) explain how the policy caused the plaintiff harm; and (4) explain how the policy amounted to deliberate indifference. *See Dougherty*, 654 F.3d at 900. The FAC, however, broadly alleges that the City "promulgated formal and/or informal policies and practices discouraging action by its officers to engage in proactive behavior and to avoid confrontation." (Doc 1-1 at 40 ¶ 36.)

At most, this language suggests a general deficiency in officer initiative. But the FAC does not identify a specific policy, connect it to Plaintiff's injuries as a moving force, or allege facts showing that constitutional violations were a plainly obvious result. *See id.* Accordingly, this claim lacks any factual allegations that would separate it from the "formulaic recitation of a cause of action's elements" deemed insufficient by *Twombly*. *See* 550 U.S. at 545.

Second, the FAC also fails to plausibly allege a failure to train or supervise claim. Municipal liability may arise when inadequate training causes constitutional injury, but "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Deliberate indifference typically requires "[a] pattern of similar constitutional violations by untrained employees." *Id.* at 62.

Here, Plaintiff asserts only that "this sort of deliberate inaction has happened on additional occasions." (Doc. 1-1 at 40 ¶ 36.) But this is another example of a formulaic recitation of the cause of action without substantiating facts. *See Twombly*, 550 U.S. at 545.

This vague reference does not identify what those other occasions were, what rights were violated, or how they put the City on notice.

Accordingly, the FAC does not plausibly allege a predicate constitutional violation or sufficient facts identifying a municipal policy, custom, or training deficiency. The § 1983 claims against the City under *Monell* are therefore dismissed without prejudice and with leave to amend.

### 4. Qualified Immunity

Because the Fourteenth Amendment theory is not plausibly pled, the Court need not reach qualified immunity. *See Keates v. Koile*, 883 F.3d 1228, 1234-35 (9th Cir. 2018). On this argument, the Motion is denied without prejudice.

## C. State Law Negligence and Gross Negligence Claims

The FAC alleges negligence and gross negligence claims against the Tempe Defendants under Arizona law. (Doc. 1-1 at 41-42 ¶¶ 38-40, 43, 45-46.)

### 1. Ordinary Negligence

Plaintiff's ordinary negligence theory is foreclosed by statute. A.R.S. § 12-820.02(A)(1) provides immunity to public employees and entities for injuries arising out of "[t]he failure to make an arrest or the failure to retain an arrested person in custody," absent gross negligence or intent to cause injury. Plaintiff's negligence theory rests on the allegation that officers observed Muhammad but failed to enter, engage, or otherwise stop him before the assault—i.e., a failure to make an investigatory stop that could lead to an arrest. (Doc. 1-1 at 39 ¶ 32.) Arizona courts interpret § 12-820.02(A)(1) to encompass such failures. *See Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 595 (App. 1991) (construing "failure to make an arrest" to include "failure to make an investigatory stop" and holding that officers could not "be liable for ordinary negligence"). Accordingly, Plaintiff's simple negligence claim against the City and the officers is barred by statute and is dismissed with prejudice.

### 2. Gross Negligence

Plaintiff's gross negligence theory requires first establishing that the Tempe

Defendants owed her a duty of care. *Hogue v. City of Phoenix*, 240 Ariz. 277, 280 (App. 2016) ("To establish a claim of gross negligence, the plaintiff must prove, among other things, the existence of a duty of care."). "Duties are based either on special relationships recognized by the common law or on relationships shaped by public policy." *Perez v. Circle K Convenience Stores, Inc.*, 259 Ariz. 221, 225 (2025). Moreover, "to establish gross negligence, the claimant essentially must show wanton misconduct that is flagrant and evinces a lawless and destructive spirit." *Badia v. City of Casa Grande*, 195 Ariz. 349, 356 (App. 1999) (citation modified). The FAC pleads neither.

The FAC relies on conclusory assertions that the Tempe Defendants acted with "gross negligence" in failing to control the public and police force "in their duties and responsibilities." (*Id.* at 41-42 ¶¶ 39, 45.) In her Response, Plaintiff contends the case presents "a textbook example of a special relationship." (Doc. 13 at 8.) But the only fact she cites is the presence of the officers responding to Muhammad's erratic behavior. (*Id.* at 8-9.) That is insufficient. Arizona law is clear that "a police agency's mere existence does not create a duty to guarantee the safety of individual members of the public." *Hogue*, 240 Ariz. at 281; *Austin v. City of Scottsdale*, 140 Ariz. 579, 582 n.2 (1984) (noting that police are not "a general insurer of safety").

A special relationship arises only where officers provide specific assurances or otherwise undertake to protect a particular individual, creating justifiable reliance. *Noriega v. Town of Miami*, 243 Ariz. 320, 327 (App. 2017); *see also Hogue*, 240 Ariz. at 280. *Austin* illustrates this principle: there, officers opened a special protective file and took affirmative measures for a specifically threatened victim, which created a duty. 140 Ariz. at 581-82. Here, by contrast, the FAC alleges no assurances or affirmative steps directed at Plaintiff. The officers merely observed Muhammad until he attacked, which is inaction—not a special relationship.

Even if duty were assumed, the FAC does not plausibly allege the heightened mental state required for gross negligence. Gross negligence requires more than ordinary carelessness; it is "a conscious choice of a course of action" despite serious danger,

*Roebuck v. Mayo Clinic*, No. CV-23-0262-PR, 2025 WL 2627916, at *4 (Ariz. Sept. 12, 2025), and conduct creating "an unreasonable risk of bodily harm" and involving "a high probability of substantial harm." *Garibay v. Johnson*, 259 Ariz. 248, 258 (2025). The FAC offers only conclusory assertions without facts showing an affirmative, conscious risk-taking by these Defendants toward Plaintiff. (Doc. 1-1 at 39 ¶ 31, 42 ¶ 45.) Because the FAC does not plausibly state a gross negligence claim, that claim is dismissed without prejudice and with leave to amend.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED granting in part and denying in part** the Tempe Defendants' Motion to Dismiss (Doc. 4). All claims against the Tempe Police Department are dismissed with prejudice. Plaintiff's § 1983 claims under the Fourth Amendment are dismissed with prejudice. Plaintiff's § 1983 claims under the Fourteenth Amendment, the *Monell* claim against the City of Tempe, and the state law gross negligence claim against the Tempe Defendants are dismissed without prejudice. Plaintiff's state law simple negligence claim against the Tempe Defendants is dismissed with prejudice. The Tempe Defendants' qualified immunity defense is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint as to the claims dismissed without prejudice no later than **October 30, 2025**.

**IT IS FURTHER ORDERED** that if no amended complaint is filed by **October 30, 2025**, the Clerk of Court must dismiss those claims without further notice to Plaintiff or order of this Court.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FINALLY ORDERED** that oral argument on this Motion is **vacated** (Doc. 21). The Court finds a hearing unnecessary because the parties fully briefed the issue, and oral argument would not aid the decisional process. *See* LRCiv. 7.2(f). The Rule 16 Scheduling Conference will proceed as previously scheduled.

Dated this 30th day of September, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge