**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexys Patricia Fernandez, | No. CV-25-02673-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tempe, et al., | |
| Defendants. | |

Pending before the Court is the Tempe Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6). (Doc. 29.) The Tempe Defendants are the City of Tempe and Tempe police officers Max Staab and Lara Camberg. The Motion is fully briefed. (Docs. 35, 36.) The Court will grant the Motion in part.[*]

**I.      BACKGROUND**

The operative facts of this case were discussed in the Court's order granting in part and denying in part the Tempe Defendants' Motion to Dismiss the first amended complaint and need not be fully recited here. (Doc. 22 at 1-2.) A brief discussion is nevertheless informative. The Court accepts the allegations in the SAC as true for the purposes of assessing the pending motion to dismiss. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

On May 15, 2024, Fernandez was in the pool area at Camden Tempe West

---

[*] The Court finds that oral argument will not assist in the resolution of the motion. *See* LRCiv. 7.2(f).

Apartments. (Doc. 33 ¶ 16.) Defendant Muhammad climbed over the locked gate to enter the pool area and eventually grabbed Fernandez's torso, thrusting his hips against her, and attempting to remove her top. (*Id.* ¶¶ 16, 34.) Fernandez alleges that police were nearby before this altercation occurred and only intervened afterwards by deploying a taser and restraining Muhammad. (*Id.* ¶¶ 20, 35.)

## II.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation modified).

A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plausibility is more than a mere possibility; a plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## III.    DISCUSSION

### A.    Section 1983 Claim and Municipal Liability

Fernandez brought a 42 U.S.C. § 1983 claim against the Tempe Defendants. (Doc. 33 ¶ 51.) She alleges the Tempe Defendants violated the Fourteenth Amendment by "disregard[ing] the safety of Plaintiff [and] permitting Defendant Muhammad[] to continue to engage in erratic, irrational, and violent and criminal behavior upon Plaintiff." (*Id.* ¶ 54.)

To state a § 1983 claim, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) a person acting under the

color of state law committed the alleged violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Fourteenth Amendment's Due Process Clause does not obligate state officials to protect individuals from private violence. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989); *see also Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) ("[T]he Fourteenth Amendment's Due Process Clause generally does not confer any affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests.").

Exceptions to this rule are few and narrow. The "state-created danger" exception to this general rule applies "when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger.'" *Patel*, 648 F.3d at 971-72 (quoting *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996)). To succeed on the state-created danger exception, a plaintiff must show "affirmative conduct on the part of the state [actor] in placing the plaintiff in danger" and that the state actor behaved "with deliberate indifference to a known or obvious danger." *Id.* at 974 (citation modified).

Here, the SAC attempts to establish affirmative police action by alleging that Staab and Camberg's "deciding not to intervene . . . constituted an affirmative decision." (Doc. 33 ¶ 33.) In her Response, Fernandez doubles down on this point, stating that "inaction, especially in light of Tempe Police Department Orders, equals affirmative action." (Doc. 35 at 4.) Not so. Deciding not to intervene constitutes inaction, not affirmative action. The Court held the same in its Order dismissing Fernandez's first amended complaint, and Fernandez has alleged no new facts to cure those defects. (*See* Doc. 22 at 5 ("[S]uch allegations describe inaction, not affirmative conduct . . . ." (citing *Johnson v. City of Seattle*, 474 F.3d 634, 641 (9th Cir. 2007)).)

Therefore, Fernandez has not alleged sufficient facts to establish that the Tempe Defendants violated the Fourteenth Amendment. Establishing a constitutional violation is required for municipal liability under *Monell*, and Fernandez has not plausibly alleged any constitutional violation. This defect is fatal to her *Monell* theory. *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of

the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." (emphasis omitted)). Without a plausible constitutional violation, her § 1983 claim fails to satisfy pleading standards. *See West*, 487 U.S. at 48; *Iqbal*, 556 U.S. at 678.

Fernandez attempts to bypass pleading requirements by arguing that she must be given "a full and robust opportunity to engage [in] discovery." (Doc. 35 at 9.) Similarly, Fernandez distinguishes cases that the Tempe Defendants cite by arguing that those cases were "largely decided at the Motion for Summary Judgment stage," and the case must proceed because she "must have an opportunity to develop the allegations." (*Id.* at 4, 6, 8.) This misstates how litigation progresses in federal court. Fernandez must plausibly allege a Fourteenth Amendment claim before proceeding to discovery; she cannot, instead, proceed to discovery to allege her Fourteenth Amendment claim. *See, e.g.*, *Andrich v. Kostas*, 470 F. Supp. 3d 1048, 1064-65 (D. Ariz. 2020), *aff'd*, No. 22-16226, 2023 WL 6157407 (9th Cir. Sep. 21, 2023) (dismissing a *Monell* claim in a second amended complaint because it failed to allege sufficient facts). Fernandez's § 1983 claim against the Tempe Defendants will be dismissed with prejudice.

### B.    Leave to Amend

"Rule 15 advises the court that leave [to amend] shall be freely given when justice so requires. This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation modified). Nevertheless, "liberality in granting leave to amend is subject to several limitations." *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted). "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Id.* Further, "when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)).

Fernandez's claims under § 1983 against the Tempe Defendants will be dismissed

with prejudice. Fernandez was given the opportunity to cure her pleading defects, (*see* Doc. 22 at 9), but she failed to do so. Given that Fernandez's SAC reiterated the same legal arguments that were insufficient in her last complaint, a third complaint alleging the § 1983 claims would be futile and cause undue delay.

### C.    Supplemental Jurisdiction and Remand

The only remaining claim against the Tempe Defendants is a state-law gross negligence claim. (Doc. 33 at 11-12.) The Court's jurisdiction over that claim is supplemental. *See* 28 U.S.C. § 1367.

Because the Court has dismissed all claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction. *Id.* § 1367(c)(3). When federal claims are dismissed at the pleading stage, the balance of factors ordinarily favors declining jurisdiction over remaining state-law claims. *See Gini v. L.V. Metro. Police Dep't,* 40 F.3d 1041, 1046 (9th Cir. 1994) (citation omitted).

Here, no federal claim remains because Fernandez's § 1983 claim has been dismissed. The gross negligence claim—and the remaining claims against Defendant Muhammad and the Camden Entities—arise solely under state law, and no diversity jurisdiction is alleged. (*See* Doc. 33.) Under these circumstances, the Court declines to exercise supplemental jurisdiction over the remaining claims.

The proper course is to remand the matter to the Arizona Superior Court in Maricopa County, where this case originated.

### V.    CONCLUSION

Accordingly,

**IT IS ORDERED granting in part** the Tempe Defendants' Motion to Dismiss. (Doc. 29). All federal claims against the Tempe Defendants are dismissed with prejudice.

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that, because there is no just reason to delay entry of judgment, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk of Court is directed to enter judgment consistent with this Order on the federal claims, remand the remaining state claims to the Arizona Superior Court in Maricopa County, and close this case.

Dated this 4th day of March, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge